## S95A1773. RUFFIN v. THE STATE.
### (463 SE2d 11)

BENHAM, Chief Justice.

Appellant Ladji Ruffin was convicted of the malice murder of his mother.[1] On appeal, he asserts that the evidence presented at trial was insufficient to authorize his conviction, and that the trial court erred when it denied his motion to suppress the videotaped admission he made to police and the written statement he executed which summarized the videotaped statement.

1. The State presented evidence that appellant, a college student home for a mid-term vacation, was in the victim's bedroom when she was shot three times in the head with her .25 caliber handgun. She died as a result of those wounds two days later. One of the victim's daughters testified that the victim had angered appellant by permitting the car she had purchased for him to be repossessed because he had not made the monthly payments. A younger daughter stated that she and appellant had earlier in the week looked around their home for their mother's handgun. Just before the shooting, appellant told his two sisters that a man was arguing with the victim in her bedroom, and that appellant was going to look into the situation. He instructed his sisters to flee the house should they hear gunshots. The girls did as they were told when they heard the gunfire, and did not see anyone other than appellant leave the home afterward. Appellant initially told police that a stranger had shot the victim and fled the house. When police confronted appellant with discrepancies between his account of the shooting and the accounts given by his sisters, appellant stated that his mother was shot initially as he and she struggled for possession of her handgun, that he gained control of the gun when his wounded mother fell, whereupon he shot her twice more in the head. The evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant next contests the trial court's decision to permit the jury to view the videotape of his statement admitting culpability for the shooting, and to admit into evidence appellant's written statement wherein he reiterated what had been said during the videotaped interview. Appellant contends the statements were not voluntary because they purportedly were the product of a seven-hour interroga-

---

[1] The crime occurred on March 27, 1994, and appellant was arrested later that day. He was indicted for malice murder on August 2, 1994, and his trial commenced on February 20, 1995. After the jury returned a guilty verdict, appellant was sentenced to life imprisonment on February 27. His motion for new trial, filed March 1, was denied on July 18, 1995. After the Notice of Appeal was filed on July 26 and the record docketed in this Court on August 3, the case was submitted for decision on briefs.

tion and appellant's fear that the police would inflict bodily harm.

After conducting a *Jackson v. Denno* (378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964)) hearing, the trial court found that no threats or promises were made to coerce the incriminating statements from appellant, and determined that the statements were freely and voluntarily given. After considering the totality of the circumstances, we conclude that the trial court's findings were not clearly erroneous and that the admission of the contested statements was not error. *Gober v. State*, 264 Ga. 226 (2) (b) (443 SE2d 616) (1994).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 30, 1995.

*William H. Shurling III*, for appellant.

*Charles H. Weston, District Attorney, Thomas J. Matthews, Howard Z. Simms, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Caroline W. Donaldson, Assistant Attorney General*, for appellee.